WILLIAM N. CAMP AND EUGENE E. WEST, PLAINTIFFS IN ERROR, VS. WILLIAM S. JENNINGS, GOVERNOR OF THE STATE OF FLORIDA; JOHN L. CRAWFORD, SECRETARY OF STATE; WILLIAM B. LAMAR, ATTORNEY-GENERAL; JAMES B. WHITFIELD, TREASURER; WILLIAM H. REYNOLDS, COMPTROLLER; WILLIAM N. SHEATS, SUPERINTENDENT OF PUBLIC INSTRUCTION; AND B. E. McLIN, COMMISSIONER OF AGRICULTURE, COMPOSING THE BOARD OF COMMISSIONERS OF STATE INSTITUTIONS OF THE STATE OF FLORIDA, AND B. E. McLIN, AS COMMISSIONER OF AGRICULTURE OF THE STATE OF FLORIDA, DEFENDANTS IN ERROR.

1. A writ of error to review a judgment dismissing an application for an alternative writ of mandamus to compel public officers to recognize and perform an alleged contract made on behalf of the State will be dismissed where in other cases between plaintiffs in error and some of the defendants in error involving the validity of the same contract this court has decided that no valid contract exists and there is doubt as to whether this court has acquired jurisdiction over the persons of the defendants in error in such writ of error.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*H. Bisbee, Geo. C. Bedell, Cooper & Cooper* and *O. T. Green,* for Plaintiffs in Error.

No appearance for Defendants in Error.

PER CURIAM.

This cause has been referred by the court to its commissioners who report that the writ of error ought to be dismissed, and the court having duly considered the matter is of the same opinion.

On November 18th, 1901, a writ of error was issued from this court in the above stated cause, directed to the Circuit Court of Leon county, to review a judgment therein rendered on May 31st, 1901, denying an application of plaintiffs in error, as relators, for an alternative writ of mandamus against defendants in error, and dismissing their petition therefor. The alternative writ was denied, and the respondents never became parties to the suit in the court below. They have not appeared in this court and there has been no service upon them of any *scire facias ad audiendum errores,* but the writ of error as issued by this court appears to have been duly recorded in the minutes of the Circuit Court as provided by Chapter 4529, Laws of Florida, Acts of 1897. Whether the provisions of that act were intended to apply to a case where no service is had upon parties in the court below, and if so, whether this court could thus be constitutionally invested with jurisdiction of such parties, or whether notice in such a case is necessary at all, are questions that would

require some consideration, and which it would be fruit-less to consider in view of the fact that two cases this day decided between the plaintiffs in error and B. E. Mc-Lin, as Commissioner of Agriculture of the State of Florida, determined upon substantially the same state of facts shown by the record in 'this, adjudicate that the alleged contract, recognition of which was sought in this proceeding, had no existence as a contract. That being true, the plaintiffs in error could obtain no benefit on this writ of error, and it is, accordingly, dismissed without passing on the question whether or not the proceedings had were sufficient to invest this court with jurisdiction of the cause.